UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AIMAN ABUHAMDIEH,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES POSTAL SERVICE,<br><br>    Defendant. | Case No. 15-cv-05770-DMR<br><br>**ORDER PROVIDING NOTICE TO PRO SE PLAINTIFF OF REQUIREMENTS FOR OPPOSING MOTION FOR SUMMARY JUDGMENT** |

On December 22, 2015, Defendant United States Postal Service filed a motion to dismiss, or in the alternative, motion for summary judgment. [Docket No. 6.]

Federal Rule of Civil Procedure 56 governs summary judgment motions. A summary judgment motion is a request for an order of judgment, without trial, in favor of the party bringing the motion, in this case, Defendant. In such a motion, the party moving for summary judgment presents the facts that are not disputed and argues that these facts entitle it to judgment as a matter of law. In other words, Defendant is arguing that there does not need to be a trial in the case against it because undisputed facts show that it is entitled to a judgment in its favor.

The relevant parts of Rule 56 are as follows:

> **a) Motion for Summary Judgment or Partial Summary Judgment.** . . . The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.
>
> . . . .
>
> **(c) Procedures.**
>
> > (1) *Supporting Factual Positions*. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> >
> > > (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for

purposes of the motion only), admissions, interrogatory answers, or other materials; or

(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

. . . .

(4) *Affidavits or Declarations*. An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

. . . .

**(h) Affidavit or Declaration Submitted in Bad Faith.** If satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court--after notice and a reasonable time to respond--may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions.

Fed. R. Civ. P. 56.

To defeat a summary judgment motion, Plaintiff must present evidence that, when viewed together with Defendant's evidence, convinces the court that his claims should go to trial. If Plaintiff has a good reason why facts are not available to him at the time required to oppose the summary judgment motion, the court may consider a request to postpone ruling on the motion. To support such a request, Plaintiff must provide the court and opposing counsel with an affidavit or declaration, signed under penalty of perjury, setting forth the reasons the facts are unavailable and indicating how those facts would support his claims. If summary judgment is granted, the case will be dismissed and there will be no trial.

**IT IS SO ORDERED.**

Dated: March 24, 2016



_____
Donna M. Ryu
United States Magistrate Judge

2