UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AIMAN ABUHAMDIEH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES POSTAL SERVICE,<br><br>　　　　　Defendant. | Case No. 15-cv-05770-DMR<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 6 |

Pro se Plaintiff Aiman Abuhamdieh filed this lawsuit seeking damages related to a lost mail package. Defendant United States Postal Service ("USPS") moves pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) to dismiss the complaint, or in the alternative, for summary judgment pursuant to Rule 56. [Docket No. 6.] The court held a hearing on the motion on March 24, 2016. For the following reasons, the court grants Defendant's motion.

I.  **BACKGROUND**

Plaintiff filed the present suit in San Mateo County Small Claims Court seeking damages related to USPS's alleged loss of a package addressed to Plaintiff that contained a car part. Plaintiff alleges that USPS owes him the total value of the lost car part plus taxes ($428.45 + $38.65), as well as the incidental expenses he incurred to store his vehicle for eight days (8 x $95.00), for a total of $1,227.01. Compl. ¶ 3. USPS sent Plaintiff a check for $104.81, which Plaintiff refused to cash because he believes it is not the correct amount owed. Compl. ¶ 4.

Defendant removed the action to this court. Defendant now moves to dismiss Plaintiff's complaint. In the alternative, Defendant moves for summary judgment.

II. **ANALYSIS**

Plaintiff does not clearly plead the legal basis for his complaint. His claim can be construed as either a tort claim, or as one for breach of an insurance contract with USPS. The court will analyze both possibilities. *See, e.g., Anderson v. United States Postal Serv.*, 761 F.2d 527, 528 (9th Cir. 1985) (construing a similar claim as either tort or breach of insurance contract

claim); *Brandofino v. United States Postal Serv.*, 14 F. Supp. 2d 1160, 1162-63 (D. Ariz. 1998) (same).

### A. Tort Claim

Plaintiff's complaint can be interpreted as a claim that USPS lost Plaintiff's package through negligence or other tortious act. Defendant argues that to the extent Plaintiff brings a tort claim, the court lacks subject matter jurisdiction because USPS has not waived sovereign immunity for such a claim. A motion to dismiss pursuant to Rule 12(b)(1) challenges the court's subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). A court will dismiss a party's claim for lack of subject matter jurisdiction "only when the claim is so insubstantial, implausible, foreclosed by prior decisions of th[e Supreme] Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (citation and quotation marks omitted); *see* Fed. R. Civ. P. 12(b)(1).

The USPS is an "independent establishment of the executive branch of the Government of the United States," and is therefore "part of the Government." *United States Postal Serv. v. Flamingo Indus.*, 540 U.S. 736, 744 (2004). Therefore, a suit against the USPS is a suit against the United States. *Anderson,* 761 F.2d at 528. As a sovereign, the United States is immune from suit and can be sued only to the extent it has waived its sovereign immunity. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). A waiver of sovereign immunity must be unequivocally expressed and narrowly construed; it cannot be implied or liberally interpreted. *Al–Haramain Islamic Found., Inc. v. Obama*, 705 F.3d 845, 850 (9th Cir. 2012). Absent an explicit waiver of sovereign immunity, a district court has no jurisdiction over actions against the federal government. *Mitchell*, 445 U.S. at 538.

Tort claims against the United States are governed by the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), which waives immunity from certain torts. 39 U.S.C. § 409(c). The test to determine if a federal government entity is subject to suit is: (1) whether there is waiver and (2) whether the entity is subject to the substantive law. *FDIC v. Meyer*, 510 U.S. 471, 476 (1994). This two-step analysis applies to inquiries into USPS' amenability to suit. *Currier v. Potter*, 379 F.3d 716, 724 (9th Cir. 2004).

Here, Plaintiff alleges that USPS failed to deliver a mail package that was addressed to him. His claim does not pass the first prong of the *Meyer* test, because USPS is specifically exempted from liability from tort claims "arising out of loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b); *see, e.g., Anderson*, 761 F.2d at 528; *Brandofino*, 14 F. Supp. 2d at 1163. Such a claim is therefore barred by the doctrine of sovereign immunity. The court grants Defendant's Rule 12(b)(1) motion to the extent that Plaintiff brings a tort claim.

### B. Breach of Contract Claim

The complaint may also be construed as alleging that USPS breached its insurance contract with Plaintiff. Under this construction, Defendant argues that Plaintiff's complaint fails to state a claim upon which relief may be granted, and thus must be dismissed under Rule 12(b)(6). In the alternative, Defendant argues that it is entitled to summary judgment under Rule 56.

When a court considers matters outside the pleadings on a motion under Rule 12(b)(6), it must convert the motion into a Rule 56 motion for summary judgment, and in so doing, the court must give "[a]ll parties . . . a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d); *see also San Pedro Hotel Co., Inc. v. City of L.A.*, 159 F.3d 470, 477 (9th Cir. 1998) ("In providing notice to the parties, 'a district court need only apprise the parties that it will look beyond the pleadings to extrinsic evidence and give them an opportunity to supplement the record.'" (citation omitted)).

At the hearing, the court informed Plaintiff that to the extent he was suing USPS for breach of contract, the court would convert Defendant's Rule 12(b)(6) motion into a motion for summary judgment. The court provided Plaintiff with notice of the requirements for opposing a motion for summary judgment, (Docket No. 15), and also offered Plaintiff additional time to submit evidence to support his claim. Plaintiff declined the opportunity, stating that he did not have any supplemental evidence.

In support of its motion, Defendant submitted the declarations of Carole P. Johnson Brown, Customer Experience Specialist for Defendant's Office of the Consumer Advocate, and Sandra L. Beverly, the Domestic Claims Manager at Defendant's Accounting Service Center in St.

Louis, Missouri.  [Docket Nos. 6-1, 6-2.]  Both declarations contain evidence regarding Plaintiff's submission of an administrative claim to USPS.

Defendant also submitted its Domestic Mail Manual ("DMM"), which contains the regulations for all domestic mail.  [Docket Nos. 6, 6-3, Request for Judicial Notice ("RJN"), Ex. A.]  The DMM is incorporated by reference into the Code of Federal Regulations and deemed published into the Federal Register.  A plaintiff is presumed to have notice of its contents.  *Gelbfish v. United States Postal Serv.*, 51 F. Supp. 2d 252, 254 (E.D.N.Y. 1999) (citations omitted).  Defendant attached the relevant portions of the DMM to its motion.  RJN, Ex. A.  Since the DMM is published in the Federal Register and is publicly available, there is no likelihood of reasonable dispute of the DMM's existence and its content.  Accordingly, the court takes judicial notice of the DMM pursuant to Federal Rule of Evidence 201(b).

A court shall grant summary judgment "if . . . there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The burden of establishing the absence of a genuine issue of material fact lies with the moving party, *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986), and the court must view the evidence in the light most favorable to the non-movant.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citation omitted).  A genuine factual issue exists if, taking into account the burdens of production and proof that would be required at trial, sufficient evidence favors the non-movant such that a reasonable jury could return a verdict in that party's favor.  *Id*. at 248.  The court may not weigh the evidence, assess the credibility of witnesses, or resolve issues of fact.  *See id*. at 249.

 To defeat summary judgment once the moving part has met its burden, the nonmoving party may not simply rely on the pleadings, but must produce significant probative evidence, by affidavit or as otherwise provided by Federal Rule of Civil Procedure 56, supporting the claim that a genuine issue of material fact exists.  *TW Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The USPS is liable only to the extent that it agrees to be liable.  *Brandofino*, 14 F. Supp. 2d at 1164 (citation omitted).  The DMM allows for insurance coverage of up to $100.00 for packages bearing an "Intelligent Mail" package barcode.  DMM § 503.4.2(a) (at ECF p. 4).

4

Plaintiff's package bore the required code, and Plaintiff was therefore eligible to receive $100.00 in insurance coverage under the DMM. Beverly Decl. ¶ 3, Ex. B (at ECF p. 7). Plaintiff exhausted the administrative claim procedures outlined in the DMM. *See* DMM § 609 *et seq.*; Brown Decl. ¶ 2; Beverly Decl. ¶¶ 2-3. Defendant paid Plaintiff $104.81, which was the maximum insurance amount plus postage. Brown Decl. ¶ 4. Plaintiff does not dispute that he received a check for $104.81. Compl. ¶ 4. USPS is not liable in excess of this amount. *See Green v. Hill*, No. C93-2700-MHP, 1994 WL 10018, at *2 (N.D. Cal. Jan. 12, 1994) (granting summary judgment on a claim against USPS for the value of a damaged package because USPS had paid plaintiff the full amount of insurance coverage). Accordingly, since Plaintiff has failed to show a genuine dispute of material fact as to his breach of contract claim, the court grants summary judgment on that claim.

### III. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss, or in the alternative, motion for summary judgment, is GRANTED.

**IT IS SO ORDERED.**

Dated: April 29, 2016



DONNA M. RYU
United States Magistrate Judge